```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF NEW MEXICO
```

In re:

THOMAS CLAY WILSON,

       Debtor.                                No. 7-07-11361 SA

LINDA BLOOM, Trustee,

       Plaintiff,

v.                                         Adversary No. 08-1051 S

MICHAEL REYNOLDS, individually,
as TRUSTEE FOR A.K. MEYER GRANDCHILDREN TRUST,
as TRUSTEE FOR MICHAEL REYNOLDS TESTAMENTARY TRUST,
as TRUSTEE FOR M.M. REYNOLDS 67 M.O.M. TRUST,
and RASH, CHAPMAN, SCHREIBER & PORTER, L.L.P.,

       Defendants.

**MEMORANDUM OPINION ON DEFENDANTS' MOTIONS TO DISMISS
PURSUANT TO FEDERAL RULES 12(b)(1) and 12(b)(7)**

This matter is before the Court on the above-listed Defendants' 1) Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) (doc 15), Plaintiff's Response (doc 17), Defendants' Reply (doc 24), Plaintiff's Surreply (doc 29) with attached Affidavit of Plaintiff in Opposition to Motion to Dismiss (doc 29-1), and Defendants' Response to Plaintiff's Surreply (doc 32), and 2) Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(7) (doc 14), Plaintiff's Response (doc 18), Defendants' Reply (doc 22), Plaintiff's Surreply (doc 30) and Defendants' Response to Plaintiff's Surreply with attached Affidavit of Thomas D. Walker (doc 33). Defendants also filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), which the parties resolved. See Order,

doc 28 (Parties agreeing that the 12(b)(6) motion was to be denied upon Plaintiff's filing a Second Amended Complaint, and stipulating that the remaining two motions to dismiss be addressed to that Complaint.) This is a core proceeding to determine and recover preferential or fraudulent transfers. 11 U.S.C. §§ 547, 548 and 550; 28 U.S.C. § 157(b)(2)(F) and (H).

**RULE 12(b)(1) MOTION**

Federal Rule 12(b)(1) provides, in part:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
(1) lack of subject-matter jurisdiction;
...
A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.
If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Defendants move the Court to dismiss this adversary proceeding for lack of subject matter jurisdiction, claiming that the Trustee abandoned the claims[1]. This is a "factual attack[2]"

---

[1] If the Trustee abandoned the claims, this would be a jurisdictional bar to this suit. See Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir. 1990); Brateman v. Bratemen Bros., Inc. (In re Brateman Bros, Inc.), 135 B.R. 853, 856 (Bankr. N.D. Ind. 1991)(citing In re Xonics, 813 F.2d 127 (7th Cir. 1987)).

[2] See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990) for the definitions of and a discussion of "factual attacks" versus "facial attacks" on subject matter

Case 08-01051-s    Doc 34    Filed 08/21/09    Entered 08/21/09 13:44:00 Page 2 of 14

on subject matter jurisdiction because it goes beyond allegations of the complaint and challenges the facts upon which subject matter jurisdiction depends. Therefore, the Court does not presume the truthfulness of the complaint's factual allegations; rather, the Court must resolve the disputed jurisdictional facts through use of affidavits, other documents, or even limited evidentiary hearings. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.[3]" Id.

    The Court finds that resolution of this factual dispute is straightforward. Abandonment is governed by 11 U.S.C. § 554 which provides:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome

---

jurisdiction.

    [3]There is a limited exception to this rule. If the resolution of the jurisdictional question is "intertwined" with the merits of the case, the Court would be required to convert the dismissal motion into a summary judgment motion. Holt, 46 F.3d at 1003. In this case, the Court finds that the resolution of the jurisdictional question, i.e., whether the Trustee abandoned the causes of action, is not intertwined with the question of whether Defendants received a preferential or fraudulent transfer. Therefore, the Court will not convert the motion to one for summary judgment.

> to the estate or that is of inconsequential value and
> benefit to the estate.
> (c) Unless the court orders otherwise, any property
> scheduled under section 521(1) of this title not
> otherwise administered at the time of the closing of a
> case is abandoned to the debtor and administered for
> purposes of section 350 of this title.
> (d) Unless the court orders otherwise, property of the
> estate that is not abandoned under this section and
> that is not administered in the case remains property
> of the estate.

Section 554 is implemented by Bankruptcy Rule 6007, which states:

> Unless otherwise directed by the court, the trustee or
> debtor in possession shall give notice of a proposed
> abandonment or disposition of property to the United
> States trustee, all creditors, indenture trustees, and
> committees elected pursuant to § 705 or appointed
> pursuant to § 1102 of the Code. A party in interest
> may file and serve an objection within 15 days of the
> mailing of the notice, or within the time fixed by the
> court. If a timely objection is made, the court shall
> set a hearing on notice to the United States trustee
> and to other entities as the court may direct.

In short, the Trustee can abandon burdensome or inconsequential assets "after notice and a hearing" or a party in interest can request such abandonment "after notice and a hearing," see 11 U.S.C. § 554(a), (b) and Bankruptcy Rule 6007; or, assets can be abandoned through a failure to administer scheduled assets upon case closing. 11 U.S.C. § 554(c). In this case, Defendants argue that the Trustee abandoned the causes of action against them under 554(a). Abandonment under this section must be intentional and unequivocal and the general rule of irrevocability applies strictly. Woods v. Kenan, 173 F.3d 770,

Page -4-

778 (10th Cir.), cert. denied, 528 U.S. 878 (1999). See also Pace v. Battley (In re Pace), 146 B.R. 562, 566 (9th Cir. B.A.P. 1992)("Abandonment requires affirmative action by the trustee or some other evidence of the intent to abandon the asset.")

The Trustee did file a Notice of Proposed Abandonment of Property in the bankruptcy case. See Doc 100. It states, in part, "... the Trustee ... intends to abandon the claims made by the Debtor in the case pending as Thomas Clay Wilson vs. Cypress Estates and Patricia Owens, Adversary No. 07-1088." Defendants allege that because the funds they were paid by the Debtor were the proceeds of a real estate contract involved in the named adversary proceeding, abandonment of Debtor's claims constituted an abandonment of the Trustee's causes of action against them. The Court disagrees. First, the Trustee is seeking to recover moneys paid over during the days prior to the bankruptcy filing. If these moneys were already received by the Debtor (or somehow controlled by the Debtor and he caused the payments to be made), the Court does not see how they are still involved in the adversary proceeding except perhaps as an unsecured claim against the Debtor. Even if the Debtor obtained the funds through fraud or borrowing, their payment to Defendants could still be a preference or fraudulent transfer. See Edmondson v. Aladdin Synergetics, Inc. (In re Tinnell Traffic Services, Inc.), 43 B.R. 277, 279 (Bankr. D. Tenn. 1984)(Fraudulently obtained funds);

Page -5-

Boyer v. Baker & Schultz (In re Smith), 966 F.2d 1527, 1533 (7th Cir. 1992)(Borrowed funds).

Plaintiff also cites Battley v. Pace (In re Pace), 132 B.R. 644, 646 (Bankr. D. Ak. 1991), aff'd, 146 B.R. 562 (9th Cir. B.A.P. 1992) for the proposition that the abandonment statute does not permit abandonment of "inextricably intertwined" assets. This Court agrees. Specific notice of any proposed abandonment is required, even of those "inextricably intertwined." Id. at 647. The Trustee's Notice of Proposed Abandonment in this case specifies that Debtor's claims against Cypress and Patricia Owens will be abandoned; it does not specify that preference claims or fraudulent transfer claims against the unrelated Defendants in this adversary proceeding were to be abandoned also.

The Court will enter an Order denying the Motion to Dismiss under Federal Rule 12(b)(1).

**RULE 12(b)(7) MOTION**

Federal Rule 12(b)(7) provides, in part:

Every defense to a claim for relief in any pleading
must be asserted in the responsive pleading if one is
required. But a party may assert the following defenses
by motion:
...
(7) failure to join a party under Rule 19.
A motion asserting any of these defenses must be made
before pleading if a responsive pleading is allowed.
If a pleading sets out a claim for relief that does not
require a responsive pleading, an opposing party may
assert at trial any defense to that claim. No defense
or objection is waived by joining it with one or more
other defenses or objections in a responsive pleading
or in a motion.

Page -6-

Rule 19, in turn, states in part:

>	(a) Persons Required to Be Joined if Feasible.
>		(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>			(A) in that person's absence, the court cannot accord complete relief among existing parties; or
>			(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>				(i) as a practical matter impair or impede the person's ability to protect the interest; or
>				(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>		(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>		(3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
>	(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>		(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>		(2) the extent to which any prejudice could be lessened or avoided by:
>			(A) protective provisions in the judgment;
>			(B) shaping the relief; or
>			(C) other measures;
>		(3) whether a judgment rendered in the person's absence would be adequate; and
>		(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The Tenth Circuit Court of Appeals set out a two step process to determine whether a suit must be dismissed for nonjoinder.

> Determining whether an absent party is indispensable requires a two-part analysis. The court must first determine under Rule 19(a) whether the party is necessary to the suit and must therefore be joined if joinder is feasible. If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed.

Rishell v. Jane Phillips Episcopal Memorial Medical Center, 94 F.3d 1407, 1411 (10th Cir. 1996), cert. denied, 520 U.S. 1166 (1997). (Citations omitted.)

Defendants move the Court to dismiss this adversary proceeding, claiming that Cypress Estates, L.P. and/or Patricia Owens, individually and as general partner of Cypress Estates (together "Cypress") are required parties without which the Court cannot accord complete relief among the existing parties or which claim an interest relating to the subject of this action and are so situated that disposing of the action in Cypress' absence may leave Defendants subject to a substantial risk of incurring double, multiple or inconsistent obligations.

When ruling on a motion to dismiss for failure to join a party, the Court accepts the allegations in the complaint as true. Davis Companies v. Emerald Casino, Inc., 268 F.3d 477, 479 n.2 (7th Cir. 2001). And, the Court can go beyond the pleadings and look to extrinsic evidence. Id. at 480 n.4. The party

Case 08-01051-s    Doc 34    Filed 08/21/09    Entered 08/21/09 13:44:00 Page 8 of 14

moving for dismissal has the burden of persuasion. Rishell, 94 F.3d at 1411; 7 Wright, Miller and Kane, Fed. Prac. & Proc. Civ. 3d § 1609 n.5.

The first step is to answer the question of whether "complete relief" can be accorded among the existing parties. Fed.R.Civ.P. 19(a)(1)(A). "[T]he term 'complete relief' refers only to 'relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." Davis Companies, 268 F.3d at 484 (quoting Perrian v. O'Grady, 958 F.2d 192, 196 (7th Cir. 1992)); Arkwright-Boston Manufacturers Mutual Ins. Co. v. City of New York, 762 F.2d 205, 209 (2nd Cir. 1985). In this case, the Trustee seeks only a return of money preferentially or fraudulently transferred to the Defendants. Complete relief is available without Cypress.

The second step is to consider whether Cypress' ability to protect its interest will be impaired. Fed.R.Civ.P. 19 (a)(1)(B)(i). Cypress is not liable to the Trustee for the transfers. Cypress could not sue Defendants for these bankruptcy causes of action. Compare Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) ("The trustee" means "only the trustee" in Bankruptcy Code § 506(c).). Cypress is not liable to Defendants if the Trustee prevails. Cypress has no interest in this case. Cypress' ability to bring its own lawsuit to protect any claim it believes it has will not be

Page -9-

impaired by this lawsuit. This lawsuit would not collaterally estop Cypress in that lawsuit. The Court concludes that if this lawsuit continues without Cypress it will not impair or impede Cypress.

The final step in the analysis is to consider whether the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations unless Cypress is joined. Fed.R.Civ.P. 19 (a)(1)(B)(ii). Defendants argue in the Motion (doc. 14, ¶ 8) that Cypress may claim that the funds they received in payment of their judgment were held in trust or constructive trust for the benefit of Cypress. They then claim that this makes them subject to multiple and inconsistent claims with respect to the alleged transfers. In their reply they argue that Cypress claims a right to the same funds the Trustee seeks to recover. (Doc 22, ¶ 3.)

The Court finds that Defendants have failed to meet their burden of persuasion on this point. First, what Defendants are worried about is inconsistent adjudications, not inconsistent obligations. See Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998):

> "Inconsistent obligations" are not, however, the same as inconsistent adjudications or results. See Micheel v. Haralson, 586 F.Supp. 169, 171 (E.D.Pa.1983); see also 4 James Wm. Moore et al., Moore's Federal Practice ¶ 19.03 (3d ed.1997). Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. See 4 Moore's at ¶ 19.03. Inconsistent

adjudications or results, by contrast, occur when a
defendant successfully defends a claim in one forum,
yet loses on another claim arising from the same
incident in another forum.  See National Union Fire
Ins. Co. of Pittsburgh v. Massachusetts Mun. Wholesale
Elec. Co., 117 F.R.D. 321, 322 (D. Mass.1987) citing
Bedel v. Thompson, 103 F.R.D. 78, 81 (S.D. Ohio 1984));
see also Boone v. General Motors Acceptance Corp., 682
F.2d 552, 554 (5th Cir. 1982)(the threat of
inconsistent obligations, not multiple litigations,
informs Fed.R.Civ.P. 19(a) considerations); Field v.
Volkswagenwerk AG, 626 F.2d 293, 301 (3d Cir. 1980)
(similar).  Unlike a risk of inconsistent obligations,
a risk that a defendant who has successfully defended
against a party may be found liable to another party in
a subsequent action arising from the same incident-
i.e., a risk of inconsistent adjudications or results-
does not necessitate joinder of all of the parties into
one action pursuant to Fed.R.Civ.P. 19(a).  See Field,
626 F.2d at 301.  Moreover, where two suits arising
from the same incident involve different causes of
action, defendants are not faced with the potential for
double liability because separate suits have different
consequences and different measures of damages.  See In
re Torcise, 116 F.3d 860, 866 (11th Cir. 1997).

So, Defendants' concern is being found liable both in Bankruptcy Court and in some possible state court action.  They have not, however, identified any specific "inconsistent obligations" such that they could not comply with both court's orders.  Moreover, there needs to be a "substantial risk" of inconsistent obligations, not a speculative risk.  Rushton v. Standard Indus., Inc. (In re C.W. Mining Co.), 2009 WL 1884437 at *3 (Bankr. D. Utah 2009).

Defendants aver they received the money without knowledge of Cypress' claim.  See Motion ¶ 3(a)-(b) (doc 14).  Their preexisting judgment indicates value was paid.  See Restatement

Page -11-

(First) of Trusts § 304(2)(a)[4] ("If the trustee transfers trust property in consideration of the extinguishment in whole or in part of a pre-existing debt or other obligation, the transfer is for value if (a) the trust property transferred is a negotiable instrument or money.") Defendants would therefore be bona fide purchasers for value. See Restatement (First) of Restitution § 172 (1937) & cmt. a:

> This principle is most frequently applied to the situation where a person holds property subject to a constructive trust and transfers it to a person who pays value without notice of the facts which gave rise to the constructive trust; in which case the constructive trust is cut off. This situation arises, for example, where a person obtains property by fraud and transfers the property to a person who pays value without notice of the fraud.

Being bona fide purchasers for value, Defendants took the funds free of any constructive trust or equitable lien in favor of Cypress. See Id. § 168(1) ("Where a person holding property in which another has a beneficial interest transfers title to the property in violation of his duty to the other, the transferee holds the property subject to the interest of the other, unless he is a bona fide purchaser.") See also Int'l State Bank v. Bray, 87 N.M. 350, 352, 533 P.2d 583, 585 (1975)("There is no real dispute here that the equitable rights of a defrauded beneficiary ... may be cut off by a conveyance to a bona fide purchaser who

---

[4]Restatement (First) of Restitution § 173 (1937) incorporates the Restatement (First) of Trusts §§ 298-309 concerning what constitutes value.

Page -12-

takes for value without notice of the breach of trust."); <u>Turley v. Mahan & Rowsey, Inc. (In re Mahan & Rowsey, Inc.)</u>, 817 F.2d 682, 684 (10th Cir. 1987)("Generally, when assets of a trust are improperly transferred by the trustee, the beneficiary may trace those assets and recover them from anyone but a bona fide purchaser for value."); <u>Williams v. Aloisi (In re Aloisi)</u>, 271 B.R. 676, 686 (M.D. Fla. 2002)("If a person acquires title to property by giving value without notice of another's constructive trust or equitable lien, then the person is a bona fide purchaser who acquires title without being subject to the constructive trust or equitable lien.") Therefore, the Court finds that any risk is only speculative. 7 Wright, Miller and Kane, Fed. Prac. & Proc. Civ. 3d § 1604 text accompanying note 44 ("The key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria.")

    The Court will enter an Order denying the Motion to Dismiss under Federal Rule 12(b)(7).

                                             Honorable James S. Starzynski
                                             United States Bankruptcy Judge

Date Entered on Docket: August 21, 2009

Copies to:

George M Moore
Moore, Berkson & Gandarilla, P.C.
Attorney for Plaintiff
PO Box 7459
Albuquerque, NM 87194

Thomas D Walker
Attorney for Defendants
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

Page -14-

Case 08-01051-s    Doc 34    Filed 08/21/09    Entered 08/21/09 13:44:00 Page 14 of 14